Matter of Save Monroe Ave., Inc. v Town of Brighton (2020 NY Slip Op 00752)





Matter of Save Monroe Ave., Inc. v Town of Brighton


2020 NY Slip Op 00752


Decided on January 31, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 31, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., NEMOYER, CURRAN, AND WINSLOW, JJ.


1109 CA 19-00292

[*1]IN THE MATTER OF SAVE MONROE AVE., INC., 2900 MONROE AVE., LLC, CLIFFORDS OF PITTSFORD, L.P., ELEXCO LAND SERVICES, INC., JULIA D. KOPP, MARK BOYLAN, ANNE BOYLAN AND STEVEN M. DEPERRIOR, PETITIONERS-PLAINTIFFS-APPELLANTS,
v
TOWN OF BRIGHTON, TOWN BOARD OF TOWN OF BRIGHTON, TOWN OF BRIGHTON PLANNING BOARD, DANIELE MANAGEMENT, LLC, DANIELE SPC, LLC, MUCCA MUCCA, LLC, MARDANTH ENTERPRISES, INC., M & F, LLC, THE DANIELE FAMILY COMPANIES, RESPONDENTS-DEFENDANTS-RESPONDENTS, ET AL., RESPONDENTS-DEFENDANTS. 






HODGSON RUSS LLP, BUFFALO (CHARLES W. MALCOMB OF COUNSEL), FOR PETITIONERS-PLAINTIFFS-APPELLANTS.
WEAVER MANCUSO FRAME PLLC, ROCHESTER (JOHN A. MANCUSO OF COUNSEL), FOR RESPONDENTS-DEFENDANTS-RESPONDENTS TOWN OF BRIGHTON, TOWN BOARD OF TOWN OF BRIGHTON AND TOWN OF BRIGHTON PLANNING BOARD.
WOODS OVIATT GILMAN LLP, ROCHESTER (WARREN B. ROSENBAUM OF COUNSEL), FOR RESPONDENTS-DEFENDANTS-RESPONDENTS DANIELE MANAGEMENT, LLC, DANIELE SPC, LLC, MUCCA MUCCA, LLC, MARDANTH ENTERPRISES, INC., M & F, LLC AND THE DANIELE FAMILY COMPANIES. 


 Appeal from an order and judgment (one paper) of the Supreme Court, Monroe County (Daniel J. Doyle, J.), entered February 7, 2019 in a CPLR article 78 proceeding and declaratory judgment action. The order and judgment, among other things, granted the motions of respondents-defendants Town of Brighton, Town Board of Town of Brighton, Town of Brighton Planning Board, Daniele Management, LLC, Daniele SPC, LLC, Mucca Mucca, LLC, Mardanth Enterprises, Inc., M & F, LLC, and the Daniele Family Companies for partial dismissal of the petition-complaint. 
It is hereby ORDERED that the order and judgment so appealed from is unanimously affirmed without costs.
Memorandum: Petitioners-plaintiffs (petitioners) commenced this hybrid CPLR article 78 proceeding and declaratory judgment action to, inter alia, annul the determination of respondent-defendant Town Board of Town of Brighton (Town Board) approving an incentive zoning application submitted by respondents-defendants Daniele Management, LLC, Daniele SPC, LLC, Mucca Mucca, LLC, Mardanth Enterprises, Inc., M & F, LLC, and the Daniele Family Companies (collectively, developers) in connection with a proposed Whole Foods store in respondent-defendant Town of Brighton (Town). Petitioners appeal from an order and judgment that, inter alia, granted the motions of the developers and the Town, Town Board, and respondent-defendant Town of Brighton Planning Board (Planning Board) to dismiss certain causes of action in the petition-complaint.
Contrary to petitioners' contention regarding the seventh cause of action, the Town Board's determination to authorize certain deviations from the applicable zoning regulations in [*2]exchange for incentive contributions from the developers (see generally Asian Ams. for Equality v Koch, 72 NY2d 121, 129 [1988]) did not effectively amend the zoning regulations without the requisite referral to the Planning Board (see Brighton Town Code ch 225). Indeed, the incentive zoning mechanism utilized in this case was already part of the Town's preexisting zoning regulations developed in consultation with the Planning Board, and the application of that mechanism to a particular property did not thereby amend those regulations.
For the reasons stated in our decision in Matter of Brighton Grassroots, LLC v Town of Brighton (— AD3d — [Jan. 31, 2020] [4th Dept 2020]), petitioners' remaining contentions do not require modification or reversal of the order and judgment.
Entered: January 31, 2020
Mark W. Bennett
Clerk of the Court